## UNITED STATES MORTGAGE & TRUST CO. et al. v. MISSOURI, K. & T. RY. CO. OF TEXAS et al.

(Circuit Court of Appeals, Fifth Circuit. March 2, 1921.)

### No. 3568.

1. Equity ☞90—Only absence of indispensable parties defeats jurisdiction in equity.
   It is only the absence of indispensable parties which defeats the jurisdiction of a United States court in equity.

2. Courts ☞303 (1)—Cannot be made defendant in United States court by private litigant.
   A state cannot be made a party defendant to a suit in a United States court by a private litigant, and if the state is an indispensable party the suit will fail.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Railroads ⬳133 (5)—State not indispensable party to suit to cancel leases.**

The state was not an indispensable party to a suit to cancel railroad leases, as in violation of the covenants of a mortgage executed by a company owning the stock of the lessor companies, though such covenant is claimed to be illegal under the statutes of the state, so that, if the leases are abrogated, the lessors or lessees will become liable to a forfeiture; this being a matter to be set up as a justification for the leases.

**4. Receivers ⬳178—Not indispensable party to suit to cancel leases by company whose bonds are owned by his company.**

In a suit to cancel railroad leases, a receiver appointed in another district for another railroad company owning bonds of the lessor companies is not an indispensable party, though the leases provide that the lessee shall pay interest on the bonds directly to the bondholders, where the company of which he is receiver and a third party to which the bonds are pledged are parties, as the litigation will not alter any right, title, or interest of the receiver in the bonds.

**5. Receivers ⬳210—Cannot sue outside jurisdiction of appointing court.**

A receiver has no standing as a litigant outside the jurisdiction of the court of his appointment.

On motion for rehearing.   Motion denied.

For former opinion, see 269 Fed. 497.   Certiorari denied 255 U. S. ——, 41 Sup. Ct. 538, 65 L. Ed. ——.

Before WALKER, BRYAN, and KING, Circuit Judges.

PER CURIAM.   After carefully considering the argument submitted in support of the petition for a rehearing presented in this case, such petition is denied.

The statements of the controversy in the opinion are stated to be only of the allegations of the bill and express no opinion on the facts. It is not claimed that the recitals of fact in the petition for rehearing are material on the sole point in question; i. e., whether the receiver appointed by the United States District Courts in Oklahoma and Missouri is an indispensable party.

[1, 2] While it is admitted that no question was made in the lower court as to the necessity for making the state of Texas a party to the bill in this case, the court is requested to now decide that question. It is only the absence of indispensable parties which defeats the jurisdiction of a United States court in equity.   A state cannot be made a party defendant to a suit in a court of the United States by a private litigant.   Therefore, if the state of Texas is an indispensable party, this suit would fail.

[3] Texas is not a party to the contracts of lease sought to be set aside.   The contention is, not that these lease contracts cannot be set aside because to do so violates any right of the state conferred by the leases, but that, if the same are abrogated, in a suit between the parties thereto, these parties become liable to a suit by the state under her laws governing the relations between railroad corporations and the state.

The state is not an indispensable party to the litigation stated in the bill of complaint.   If the state statutes made illegal the contract which, plaintiff insists has been improperly abrogated, and make the leases

attacked proper, and if their abrogation would expose the lessor or lessees to a forfeiture, this might be matter for the parties to those contracts and leases to set up against the plaintiff as a justification of their conduct. If the state wishes to be heard, doubtless, on its own petition the court would consider whether properly it might be permitted to intervene. In such case it would sue—not be sued.

The discussion in the opinion as to whether Schaff, as receiver of the Oklahoma Company, was an indispensable party, was on the point made that the Oklahoma Company was the owner of the stock of the Wichita Falls Companies (subject to the pledges thereof), and that, because the payments of dividends to it might be affected by the abrogation of the leases, Schaff, as receiver of the Oklahoma Company, was an indispensable party. It was pointed out that, in a contest to set aside a lease between two corporations, the lessor and lessee companies represented their stockholders.

[4] That the Oklahoma Company is the owner of the bonds of the Wichita Falls Companies (subject to pledges), and that because a part of the contract between the lessor and lessee is that the lessee shall pay the interest on said bonds, the payment to be made directly to the bondholders, who are made appointees to receive the same, does not make the receiver of the Oklahoma Company, appointed in Oklahoma, an indispensable party to this litigation to set aside said leases. The contract is simply a provision for the payment of interest on bonds of the Wichita Falls Companies, already issued, out of the rental of the property. It is no part of the contract with the bondholder, on which he took his bonds. Clearly the leases could be abrogated by the lessor and lessee without impairing any right of the bondholders. If the interest was not paid, they could resort at once to their mortgage security.

[5] But, assuming that it gives to the bondholder a right to sue the Texas Company for the interest, if it were necessary for the bondholder to institute a suit *in Texas* for such interest, and if the Oklahoma Company, and not its pledgees, the Chicago trustees, was the proper party to bring such a suit, clearly the suit could not be brought *in Texas* by Schaff as receiver appointed by the United States District Court of Oklahoma. Even an order of that court authorizing him to bring such suit would not give him a standing as a litigant in the courts in Texas. As a litigant he has no standing outside of the jurisdiction of the court of his appointment. Harris v. Great Western Mining Co., 198 U. S. 561, 25 Sup. Ct. 770, 49 L. Ed. 1163. The litigation would have to be brought in the name of the Oklahoma Company.

In this case the complainants are seeking to make the Oklahoma Company, the pledgor-owner, and the Chicago trustees, the pledgee-owner, parties. This would give these bondholders full representation by the parties entitled to enforce the right to sue for interest which is given to the bondholders by the leases. This litigation does not propose to alter any right, title, or interest of the receiver in these stocks or bonds. The title thereto, and the right of every one to any interest in either the stock or bonds, will be the same after this litigation is ended, regardless of its result.

The reason why a court in possession of certain property will draw to itself all litigation affecting its final disposition is that as a result the court's possession, or the enforcement of its decrees concerning the same, may not be affected. But here the court has no possession of any property to be affected by the decree sought in this case. The property to be disposed of thereby is the railroads of the Wichita Falls Companies, now in the hands of the United States District Court in Texas, where this suit is pending.

The decree will not deal with the disposition of these stocks or bonds, or of any claim to any interest therein. It may incidentally affect their value, but it will not affect their title or possession. The United States District Court in Oklahoma can fully decide as to both their title and disposition and fully control the same. We therefore think that to this litigation the receiver of the United States District Courts for Oklahoma and Missouri is not an indispensable party.

Petition denied.